# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TIMOTHY SMITH,

       *Plaintiff*,

   v.

DAVID SHULKIN, Secretary, Department of
Veterans Affairs, *et al.*,

       *Defendants.*

Civil Action No. 17-1118 (RDM)

## ORDER

Plaintiff Timothy Smith brings this action against the Secretary of the Department of Veterans Affairs ("VA") and other VA employees. Dkt. 1 at 1–2. He alleges that the VA employed him in Jacksonville, Florida, and there discriminated against him on the basis of his disabilities. *Id.* at 3–4. Smith remains a Florida resident today. *Id.* at 1. He filed this action, proceeding *pro se*, in the District of Columbia.

On June 28, 2017, the Court ordered the parties to show cause why the case should not be transferred to the Middle District of Florida. Minute Order (June 28, 2017). The VA responded by filing a motion to dismiss, or, alternatively, to transfer the case to the Middle District of Florida. Dkt. 17. Plaintiff, now represented by counsel, has consented to the transfer of the case to the Middle District of Florida. Dkt. 18; Dkt. 18-1.

In actions alleging that federal agencies have unlawfully discriminated in employment on the basis of disability, venue is governed by 42 U.S.C. § 2000e-5(f)(3). *See* 29 U.S.C. § 794a(a)(1). Such actions may therefore be brought (1) in any district in the state in which the alleged unlawful employment practice occurred; (2) in the district in which the relevant

employment records "are maintained and administered;" or (3) in the district "in which the [plaintiff] would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Only if the defendant "is not found" within any of these districts may the action be brought in the district in which the defendant "has [its] principal office." *Id.*

Applying this test to the present case, it is clear that the Middle District of Florida is the appropriate venue for Smith's suit. First, Plaintiff's complaint alleges discrimination in the Middle District of Florida and that the discrimination resulted from the actions of officials based in Florida. Dkt. 1. Second, the VA represents that the relevant records are kept in the Middle District of Florida. Dkt. 17 at 7. Third, Plaintiff resides in Jacksonville, a city located in the Middle District of Florida. Dkt. 1. Finally, the VA does not dispute that it can be "found" within the Middle District of Florida. The District Court of the District of Columbia, therefore, is not a proper venue for this action.

"When venue is improper, the Court must dismiss the claim or, 'if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought.'" *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) (quoting 28 U.S.C. § 1406(a)). Although the Court retains much discretion regarding whether to transfer an action pursuant to 28 U.S.C. §1406(a), "the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Id.* That conclusion is particularly appropriate in cases, such as this one, in which the parties consent that the case should be litigated elsewhere.

The Court, accordingly, **ORDERS** that the case be **TRANSFERRED** to the Middle District of Florida.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 16, 2017